**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RYAN SCHMIDT, as Independent Administrator )
of the Estate of PATRICIA ANN SCHMIDT, )
deceased, )
               )
    Plaintiff, )
  v. )  Case No.
               )
UNITED STATES POSTAL SERVICE, )  Judge:
               )
    Defendant. )

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, RYAN SCHMIDT, as Independent Administrator of the Estate of PATRICIA ANN SCHMIDT ("P.A.S."), deceased, by and through his attorneys, SHERWOOD LAW GROUP, LLC, and in his Complaint at Law against the Defendant, UNITED STATES POSTAL SERVICE, states as follows:

**GENERAL ALLEGATIONS**

1. That on or about January 22, 2019, the Defendant, UNITED STATES POSTAL SERVICE, was a United States government entity with its headquarters located at 475 L'Enfant Street, S.W., Washington, D.C.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2675(a) and 39 C.F.R. 912.9(a) and (b).

3. That on or about January 22, 2019, and for a long time prior thereto, the Defendant, UNITED STATES POSTAL SERVICE, collectively or individually owned, leased, operated, managed, maintained, conducted repairs to, constructed, possessed, and controlled the property located at 3000 W. Central Road, Mount Prospect, Illinois 60056 and the sidewalk adjacent

thereto.

4. The Property located at 3000 W. Central Road, Mount Prospect, Illinois 60056 and the sidewalk adjacent thereto is hereinafter referred to as "Property" or "the Property".

5. That on or about January 22, 2019, and for a long time prior thereto, the Defendant, UNITED STATES POSTAL SERVICE, contracted with various subcontractors for construction, maintenance, cleaning, repair, work, and any other general maintenance and landscaping services to and for the Property.

6. That on or about January 22, 2019, the Plaintiff, P.A.S., was a customer, invitee, and patron lawfully walking within and upon the Property.

7. That on or about January 22, 2019, the Plaintiff, P.A.S., was walking within the Property when she slipped, tripped, and was caused to and fall directly onto the concrete ground below which led to the Plaintiff being greatly injured.

## COUNT I
### NEGLIGENCE AGAINST UNITED STATES POSTAL SERVICE

8. Plaintiff re-asserts and re-alleges Paragraphs one (1) through seven (7) of Plaintiff's General Allegations as paragraph eight (8) of Count I herein.

9. On or about January 22, 2019, the Defendant, UNITED STATES POSTAL SERVICE, had installed, constructed, conducted repairs to, cleaned, inspected, serviced, managed, and maintained the Property.

10. On or about January 22, 2019, the Defendant, UNITED STATES POSTAL SERVICE, failed to warn the Plaintiff of the dangerous and hazardous condition of the Property.

11. On or about January 22, 2019, the Defendant, UNITED STATES POSTAL SERVICE, by and through its agents, employees and servants did not properly clean, construct, repair, design, and maintain the Property.

12. On or about January 22, 2019, the Defendant, UNITED STATES POSTAL SERVICE, failed to properly inspect the Property to determine whether it was proper and safe for usage by invitees, employees, customers, and the general public.

13. On or about January 22, 2019, the Defendant, UNITED STATES POSTAL SERVICE, failed to properly remove broken concrete from the sidewalk adjacent to the Property and make said Property safe for usage by invitees, employees, customers, and the general public.

14. On or about January 22, 2019, the Defendant, UNITED STATES POSTAL SERVICE, failed to properly repair broken, raised, uneven, cracked, or sunken concrete on the Property and make said Property safe for usage by invitees, employees, customers, and the general public.

15. On or about January 22, 2019, the Defendant, UNITED STATES POSTAL SERVICE, moved, placed, caused, pushed or re-directed concrete and other materials on the Property which created and unnatural and dangerous and hazardous condition for its invitees, employees, customers, and general public.

16. The Defendant, UNITED STATES POSTAL SERVICE, was responsible for maintaining, cleaning, repairing, securing, managing, constructing, designing, and preventing dangerous and hazardous conditions on the Property and from being unsafe for usage by its invitees, employees, customers, and the general public.

17. On and prior to January 22, 2019, UNITED STATES POSTAL SERVICE had notice and knowledge that an unnatural and dangerous and hazardous conditions existed on the Property.

18. On and prior to January 22, 2019, UNITED STATES POSTAL SERVICE had notice and knowledge that a third party or their own employees and agents failed to properly repair

the sidewalk adjacent to the Property and make said Property safe for usage by invitees, employees, customers, and the general public.

19. On and prior to January 22, 2019, UNITED STATES POSTAL SERVICE had notice and knowledge that a third party or their own employees and agents failed to properly repair broken, raised, uneven, cracked, or sunken concrete on the Property and make said Property safe for usage by invitees, employees, customers, and the general public.

20. On and prior to January 22, 2019, UNITED STATES POSTAL SERVICE had notice and knowledge that a third party or their own employees and agents moved, placed, pushed caused or re-directed broken concrete and other materials on the Property which created an unnatural, dangerous and hazardous condition for its invitees, employees, customers, and the general public.

21. That it then and there became and was the duty of the Defendant, UNITED STATES POSTAL SERVICE, to exercise reasonable care to design, maintain, monitor, repair, inspect, service and construct the sidewalk adjacent to the Property in a reasonably safe condition for the safety of its invitees, employees, customers, the Plaintiff, and those persons lawfully upon the Property.

22. That it then and there became and was the duty of the Defendant, UNITED STATES POSTAL SERVICE, to exercise reasonable care to maintain, monitor, repair, inspect, manage, clean, and service the Property in a reasonably safe manner and condition for the safety of its invitees, employees, customers, the Plaintiff, and those persons lawfully upon the Property.

23. That not regarding its duty aforesaid, the Defendant, UNITED STATES POSTAL SERVICE, was guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Failed to inspect the uneven, cracked, or sunken concrete on the Property and maintain it in a safe condition;

  b. Failed to warn invitees and patrons, including the Plaintiff, that the broken, raised, uneven, cracked, or sunken concrete on the Property was unsafe and hazardous;
  c. Failed to repair the unsafe and hazardous condition for an unreasonably long period of time;
  d. Failed to properly maintain the broken, raised, uneven, cracked, or sunken concrete on the Property;
  e. Carelessly and negligently undertook or failed to undertake a maintenance, repair, cleaning or construction project to repair the Property which created a dangerous and hazardous condition to those lawfully on the Property;
  f. Failed to repair the broken, raised, uneven, cracked, or sunken concrete on the Property creating a dangerous and hazardous condition;
  g. Failed to repair the broken, raised, uneven, cracked, or sunken concrete on the Property which made the area susceptible to trips and falls, creating a dangerous and hazardous condition;
  h. Failed to hire a third party to repair the sidewalk adjacent to the Property;
  i. Failure to properly repair the Property despite notice of hazardous conditions;
  j. Failure to properly remove broken concrete from the Property's ingress and egress ways despite notice;
  k. Failed to supervise and train its employees to properly manage the Property;
  l. Carelessly and negligently undertook to remove broken concrete from said Property and did so in a negligent manner;
  m. Carelessly and negligently supervised, trained, or contracted with a third party to repair, clean, maintain, service, and inspect the Property;
  n. Failed to cure code violations on the Property despite notice; and
  o. Was otherwise careless and negligent in the control, design, repair, maintenance, construction, cleaning and service of the Property.

24. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions of the Defendant, UNITED STATES POSTAL SERVICE, the Plaintiff, P.A.S., was caused to and did slip and trip and fall to the ground.

25. That as a direct and proximate result of the aforesaid, the Plaintiff, P.A.S., suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and the Plaintiff, was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of said injuries; and the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; and the Plaintiff has been and in the future will be prevented

from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, RYAN SCHMIDT, as Independent Administrator of the Estate of PATRICIA ANN SCHMIDT, by and through his attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against Defendant, UNITED STATES POSTAL SERVICE , for a sum of money in excess of FIFTY THOUSAND DOLLARS [$50,000.00], and such additional amounts as the jury and the Court shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

## COUNT II
## SURVIVAL AGAINST UNITED STATES POSTAL SERVICE

26.  Plaintiff re-asserts and re-alleges Paragraphs one (1) through seven (7) of Plaintiff's General Allegations and Paragraphs eight (8) through twenty-five (25) of Count I as Paragraph twenty-six (26) of Count II herein.

27.  The Plaintiff, RYAN SCHMIDT, as Independent Administrator of the Estate of PATRICIA ANN SCHMIDT deceased, brings this Count pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act.

28.  That as a direct and proximate result of the aforesaid, the Plaintiff, P.A.S., suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused pain in body and mind; Plaintiff, P.A.S., was also caused to expend and in the future will be compelled to expend, large sums of money for medical care, treatment and services as a result of said injuries; and the Plaintiff suffered acute and prolonged physical and mental pain and suffering; the Plaintiff has suffered and will continue to suffer in the future permanent disfigurement and/or disability; the Plaintiff has experienced and will continue to experience in the future loss of a normal life; and the Plaintiff was caused to expend large sums of money in endeavoring to repair and/or replace property damage and/or loss from said collision; and the

6

Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties, further P.A.S., and he next of kin, suffered injuries of personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, conscious pain and suffering, all of which combined or contributed to cause the death of P.A.S.; and the Plaintiff's P.A.S., would have been entitled to receive compensation from the Defendant, for these injuries, had the Plaintiff survived, and that Plaintiff has been caused to expend and will become liable for large sums of money for treatment of said injuries pursuant to the Family Expense Act during the period of treatment while P.A.S was alive and treating.

WHEREFORE, Plaintiff, RYAN SCHMIDT, as Independent Administrator of the Estate of PATRICIA ANN SCHMIDT, by and through his attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against Defendant, UNITED STATES POSTAL SERVICE , for a sum of money in excess of FIFTY THOUSAND DOLLARS [$50,000.00], and such additional amounts as the jury and the Court shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

## COUNT III
## WRONGFUL DEATH AGAINST UNITED STATES POSTAL SERVICE

29. Plaintiff re-asserts and re-alleges Paragraphs one (1) through seven (7) of Plaintiff's General Allegations and Paragraphs eight (8) through twenty-five (25) of Count I as Paragraph twenty-nine (29) of Count III herein.

30. The Plaintiff, RYAN SCHMIDT, as Independent Administrator of the Estate of PATRICIA ANN SCHMIDT deceased, brings this action pursuant to 740 ILCS 180/2.1, commonly known as the Wrongful Death Act.

31. That as a direct and proximate result of the aforesaid, the Plaintiff, P.A.S., suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused pain in body and mind; Plaintiff, P.A.S., was also caused to expend and in the future will be compelled to expend, large sums of money for medical care, treatment and services as a result of said injuries; and the Plaintiff suffered acute and prolonged physical and mental pain and suffering; the Plaintiff has suffered and will continue to suffer in the future permanent disfigurement and/or disability; the Plaintiff has experienced and will continue to experience in the future loss of a normal life; and the Plaintiff was caused to expend large sums of money in endeavoring to repair and/or replace property damage and/or loss from said collision; and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties, further P.A.S., and he next of kin, suffered injuries of personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, conscious pain and suffering, all of which combined or contributed to cause the death of P.A.S.; and the Plaintiff's P.A.S., would have been entitled to receive compensation from the Defendant, for these injuries, had the Plaintiff survived, and that Plaintiff has been caused to expend and will become liable for large sums of money for treatment of said injuries pursuant to the Family Expense Act during the period of treatment while P.A.S was alive and treating.

32. Plaintiff's Decedent, P.A.S, left surviving various persons who were her next of kin, which included the following individuals:

    a. Ryan Schmidt
    b. Robert Scmidt
    c. Heather Schmidt
    d. Eric Schmidt
    e. Unknown Heirs

33. All of the decedent's next of kin suffered pecuniary injuries as a result of the death of P.A.S., including grief, the loss of companionship, society, guidance and material services of the decedent. Further, the Estate of P.A.S. was diminished by virtue of medical expenses that were incurred.

WHEREFORE, Plaintiff, RYAN SCHMIDT, as Independent Administrator of the Estate of PATRICIA ANN SCHMIDT, by and through his attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against Defendant, UNITED STATES POSTAL SERVICE , for a sum of money in excess of FIFTY THOUSAND DOLLARS [$50,000.00], and such additional amounts as the jury and the Court shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

Respectfully Submitted,

SHERWOOD LAW GROUP, LLC

*Matthew A. Saltzman*

MATTHEW A. SALTZMAN
mas@sherwoodlawgroup.com
Attorney for Plaintiff

JASON H. SHERWOOD
MATTHEW A. SALTZMAN
SHERWOOD LAW GROUP, LLC
218 N. Jefferson, Suite #401
Chicago, Illinois 60661
Phone: 312.627.1650
Fax: 312.648.9503
Attorney No. 6285163